**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 11-cv-02467-DME-MJW

CARLO LOMBARDI,

    Plaintiff,

    v.

ADVANTAGE LOGISTICS USA WEST, LLC,

    Defendant.

---

**ORDER GRANTING MOTION TO DISMISS**

---

Before the Court is Advantage Logistics USA West, LLC's ("Defendant"), motion to dismiss (Doc. 23—the "Motion") pursuant to Fed. R. Civ. P. 12(b)(6) the complaint of Plaintiff Carlo Lombardi ("Plaintiff"). In his complaint, Plaintiff alleges employment discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). (Doc. 1.) Defendant, Plaintiff's former employer, moves the Court to dismiss the complaint on the ground that it is untimely. Defendant argues that Plaintiff filed his complaint after the ADA's ninety-day statute of limitations period for such complaints had run—a limitations period that commences when a complainant receives notice of his right to sue from the U.S. Equal Employment Opportunity Commission ("EEOC").

Exercising jurisdiction under 28 U.S.C. § 1331 and 1343, the Court GRANTS Defendant's Motion.

## BACKGROUND

On November 15, 2007, Plaintiff, through his counsel at the time, George C. Price, filed a charge of discrimination with the EEOC, alleging that Defendant, his employer at the time, fired him on account of a disability in violation of the ADA. (Doc. 24-1 at 1.)[1] That charging document included the respective addresses of Plaintiff and Mr. Price. On June 22, 2009, the EEOC mailed Plaintiff a "Dismissal and Notice of Rights" ("Notice"), sending copies to Mr. Price and Defendant as well. (Doc. 24-2 at 1.)[2] The Notice explained that the EEOC, based upon its foregoing investigation, had been unable to conclude that the ADA had been violated in Plaintiff's case. The Notice further stated:

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receive of this notice; or your right to sue based on this charge will be lost.

(Id.)

---

[1] In contrast, Plaintiff asserted in a June 15, 2011, sworn affidavit (attached to his response to Defendant's motion to dismiss) that he filed his charge of discrimination with the EEOC "[o]n or about January 11, 2008." (Doc. 26-2.) As explained infra, the Court may take notice of the official charging document, attached by Defendant. See Barrett v. Rumsfeld, 158 Fed. App'x 89, 91 n.1 (10th Cir. 2005) (unpublished). See generally GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997). But in any event, the difference in those dates is irrelevant to the Court's analysis; that fact is included simply for purposes of background.

[2] As explained infra, the Court may take notice of this document without converting the Motion into a motion for summary judgment. See Barrett, 158 Fed. App'x at 92 (10th Cir. 2005) (unpublished). See generally GFF Corp., 130 F.3d at 1384-85.

Plaintiff filed his complaint in this case on September 20, 2011. (Doc. 1.)[3] Defendant filed its motion to dismiss on April 2, 2012, arguing that dismissal is proper because Plaintiff filed suit 820 days after the EEOC issued the Notice, whereas the ADA requires that suits be filed within ninety days of a complainant's receipt of such notice. (Docs. 23, 24.) Plaintiff opposed the Motion, arguing that neither he nor Mr. Price ever received the June 22, 2009, Notice from the EEOC. (Doc. 26.) Plaintiff argues that the first time he received the Notice was on June 23, 2011, when the EEOC faxed a copy to his present counsel's office, following a phone call his wife made to the EEOC earlier that month to inquire about the status of her husband's case. In support of that contention, Plaintiff submits a sworn affidavit, dated June 15, 2011, in which he stated that neither he nor his attorney ever "received a copy of a right to sue letter from the EEOC," and that he did "not wish to have [his] rights extinguished because of an apparent problem with the mail not being received." (Doc. 26-2.) In reply, Defendant argues that Plaintiff failed to rebut the presumption that either he or Mr. Price received the original Notice; and even if he had, his complaint is still untimely as measured from the date of his June 15, 2011, affidavit, in which he effectively admitted to having notice of a time limit on his right to sue. (Doc. 29.)

---

[3] Plaintiff filed an amended complaint on January 24, 2012, in order to modify the caption of the complaint to identify the correct legal name of Defendant. (Doc. 12.) That amendment is irrelevant to the present order.

## DISCUSSION

**A. Legal Standards**

A complainant such as Plaintiff must file suit within ninety days after the EEOC gives him notice that it has closed its investigation and that he has a right to sue in court. 42 U.S.C. § 2000e-5(f)(1); see Witt v. Roadway Exp., 136 F.3d 1424, 1429 (10th Cir. 1998). "This ninety-day filing limit is not jurisdictional, but is a requirement that, like a statute of limitation, is subject to waiver, estoppel and equitable tolling." Jarrett v. US Sprint Commc'ns Co., 22 F.3d 256, 259-60 (10th Cir. 1994). "The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice," Witt, 136 F.3d at 1429, and "[a] rebuttable presumption of receipt . . . arise[s] on evidence that a properly addressed piece of mail is placed in the care of the postal service," id. at 1429-30. Then, with respect to the timing of that receipt, the corollary presumption in the Tenth Circuit is "that a claimant receives a right-to-sue letter three mailing days after the date [on the] notice." Barrett, 158 Fed. App'x at 92; see Fed. R. Civ. P. 6(d); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (presuming receipt of a right-to-sue notice from the EEOC three days after the notice's stated date of mailing, citing Fed. R. Civ. P. 6(e)[4]). Further, courts have held that actual notice of the EEOC's prior issuance of the right-to-sue notice also triggers the ninety-day limitations

---

[4] The current version of that rule is Fed. R. Civ. P. 6(d), which states: "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C)[ which states: 'mailing . . . to the person's last known address—in which event service is complete upon mailing'] . . . 3 days are added . . . ".

period.[5] Meanwhile, notice to a complainant's attorney is imputed to the complainant. See Noe v. Ward, 754 F.2d 890, 892 (10th Cir. 1985).

Dismissal of a civil action is proper under Fed. R. Civ. P. 12(b)(6) if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007).  A motion to dismiss in the present context, based on failure to file suit within the "ninety-day filing period[,] should be considered under Rule 12(b)(6) [as opposed to Rule 12(b)(1)]." Barrett, 158 Fed. App'x at 91. "[A] district court may review indisputably authentic copies of documents[6] referred to in the complaint without converting the motion into one for summary judgment," including "documents, particularly [a] right-to-sue letter, [that] are central to the timeliness of the filing." Id. at 91 n.1.  See generally GFF Corp., 130 F.3d at 1384-85

---

[5] See Cook v. Providence Hosp., 820 F.2d 176, 180 (6th Cir. 1987) ("Assuming, arguendo, that [plaintiff] did not receive the Notice, she admits that she had actual knowledge, fully one year prior to suit, that the EEOC had given her the right to sue [notice]; yet, she unjustifiably failed [timely] to pursue her rights."); Hopkins v. United Parcel Serv., 22 F.3d 1334, 2000 WL 923458, at *3 (6th Cir. 2000) (unpublished) (holding that the "90-day limitations period . . . began running when plaintiff's counsel was informed via the telephone that the [right-to-sue] notice had been issued" to an old address at which plaintiff no longer received mail); Hunter-Reed v. City of Houston, 244 F. Supp. 2d 733, 741-42 (S.D. Tex. 2003) (collecting cases, holding that "when the plaintiff receives actual notice by other means, such as being told by an EEOC representative that a right-to-sue letter has been issued, the ninety-day limitations period commences without regard to whether the letter is actually received at that time").

[6] Plaintiff does not contest the authenticity of the documents cited by Defendant, including the Notice, in support of Defendant's Motion.  See Barrett, 158 Fed. App'x at 91 n.1 (approving of the district court's consideration of "public documents related to the handling of [plaintiffs'] complaint by . . . the EEOC, including the right to sue letter," noting that "plaintiffs d[id] not contest their authenticity").

(discussing appropriateness of considering materials outside the pleadings at the motion to dismiss stage).

## B. Analysis

The Court determines that Plaintiff's complaint was untimely filed because he has failed to rebut the presumption that he received the Notice on June 25, 2009—three days after the EEOC mailed it.  See Witt, 136 F.3d at 1429-30; Barrett, 158 Fed. App'x at 92. Plaintiff has not asserted, for instance, that the Notice was sent to the wrong address, or that Plaintiff had moved and had informed the EEOC.  Meanwhile, the Notice shows that it was mailed to Plaintiff at the same address he supplied to the EEOC in his original charging claim.  See St. Louis v. Alverno Coll., 744 F.3d 1314, 1317 (7th Cir. 1984) (affirming dismissal when suit was filed more than ninety days from "the date the notice was delivered to the most recent address plaintiff provided the EEOC").  Also, there is no indication that Mr. Price's address ever changed.  Plaintiff's and Mr. Price's bald assertions, even as sworn statements, that they did not receive the Notice (Docs. 26-2, 26-3) do not suffice to rebut the presumption; nor does the assertion that Mr. Price cannot recall any prior "issue related to the late filing of a suit" in his experience  (Doc. 26 at 3). Further, Plaintiff's averment that the EEOC may have been taking a long time to investigate claims (id.) is simply inapposite to whether the EEOC mailed the Notice after its investigation was finished.  Therefore, Plaintiff is deemed to have received the Notice on June 25, 2009, or 817 days prior to the filing of his lawsuit—well beyond the

applicable ninety-day statute of limitations. Accordingly, this case must be dismissed. See Barrett, 158 Fed. App'x at 91.

In the alternative, assuming arguendo Plaintiff rebutted the presumption of his receipt of the Notice on June 25, 2009, Plaintiff's complaint is still untimely in light of his admitted actual notice, on June 15, 2011, of his right to sue. The sworn affidavit on which Plaintiff relies for his timeliness argument demonstrates that he had become aware, by the time of affiance, that the EEOC had closed its investigation and had issued a right to sue letter, even if Plaintiff had never received it. (Doc. 26-2.) That affidavit is dated June 15, 2011—ninety-seven days prior to the filing of his complaint. As such, since Plaintiff had actual notice of the EEOC's prior issuance of the right-to-sue notice more than 90 days before he filed suit, Plaintiff's complaint is untimely and this case must be dismissed. See Cook, 820 F.2d at 180; Hopkins, 2000 WL 923458 at *3; Hunter-Reed, 244 F. Supp. 2d at 741-42 (collecting cases); cf. Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995) (refusing to apply equitable tolling where there was no evidence that plaintiff "had insufficient opportunity or time to file once he actually saw the notice" a few days after his wife received it, because "[h]ad plaintiff acted diligently, he could have filed his action in a timely manner"); Barrett, Fed. App'x at 92 (concluding nothing warranted tolling the ninety-day time limit where plaintiffs had pointed to "no active deception on the part of defendants or any extraordinary impediments to the assertion of their rights").

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion and dismisses this case pursuant to Fed. R. Civ. P. 12(b)(6).

DATED this **19**th day of June, 2012.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States Circuit Judge