## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 11-cv-02467-DME-MJW

CARLO LOMBARDI,

      Plaintiff,

      v.

ADVANTAGE LOGISTICS USA WEST, LLC,

      Defendant.

---

### ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

On June 19, 2012, this Court granted Advantage Logistics USA West, LLC's ("Defendant") motion to dismiss the complaint of Plaintiff Carlo Lombardi, who had sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), alleging that Defendant had discriminatorily fired him on account of a disability in violation of the ADA. See Doc. 30. The Court granted Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff's complaint was untimely—specifically, that the complaint was not filed, as required by 42 U.S.C. § 2000e-5(f)(1), within ninety days after the U.S. Equal Employment Opportunity Commission ("EEOC") had given Plaintiff notice that it has closed its investigation in the matter and that Plaintiff had a time-limited right to sue in federal court. See id. at 6-7.

Presently before the Court is Plaintiff's timely motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59 (the "Motion"). See Doc. 32. In his Motion, Plaintiff urges the Court to reverse its decision to dismiss, and to reinstate the case for trial on the merits. See id. at 5. Plaintiff asserts that "the problems encountered by the plaintiff in his receipt of the notice of

1

right to sue were problems that were caused by the EEOC's handling of the mailing and not by anything done by the plaintiff or his then counsel." <u>Id.</u> at 2.  He notes that "[v]arious courts have, based upon circumstances . . . , found that the neglect of the [EEOC] operated to toll the 90 day limitation period in which to file a suit following the receipt of a right to sue letter," <u>id.</u> at 2, and proceeds to cite a number of out-of-circuit cases where equitable tolling was allowed, <u>see id.</u> at 2-4.

The Court may alter or amend a judgment under Fed. R. Civ. P. 59(e).  "A Rule 59(e) motion is the appropriate vehicle 'to correct manifest errors of law or to present newly discovered evidence.'"  <u>Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.</u>, 680 F.3d 1194, 1200 (10th Cir. 2011) (quoting <u>Phelps v. Hamilton</u>, 122 F.3d 1309, 1324 (10th Cir. 1997)); <u>see also</u> <u>Ysais v. Richardson</u>, 603 F.3d 1175, 1180 (10th Cir. 2010) (holding the district court did not abuse its discretion to deny appellant's Rule 59(e) motion when it consisted of "conclusory statements and meritless arguments").  In this case, Plaintiff does not purport to present any newly discovered evidence.  Therefore, the relevant question is whether this Court's order dismissing Plaintiff's complaint contained manifest errors of law.

Nothing in Plaintiff's Motion persuades the Court that its prior ruling was erroneous. The Court reaffirms, for the same reasons discussed in the Court's prior order, that Plaintiff has not rebutted the presumption that he received the original right-to-sue letter on June 25, 2009, which renders his September 20, 2011, complaint untimely.  <u>See</u> Doc. 30 at 4-6.  Unlike the situations in the cases cited in Plaintiff's Motion, <u>see</u> Doc. 32 at 2-4, Plaintiff has not explained how the EEOC ever provided Plaintiff with misinformation about filing deadlines, or misaddressed or failed to mail the right-to-sue letter, such that equitable tolling might warrant

2

excuse of the untimely filing.[1]  Moreover, Plaintiff's Motion fails to confront the Court's alternative, self-sufficient reason for dismissing Plaintiff's complaint: that, assuming arguendo Plaintiff had rebutted the presumption that he received notice by mail in 2009, his complaint was still untimely in light of his admitted actual notice of his right to sue on June 15, 2011.  See Doc. 30 at 7.

For these reasons, the Court's earlier dismissal of Plaintiff's complaint was proper. Plaintiff's present Motion is therefore DENIED.  The judgment in this case, see Doc. 31, shall stand as entered.

DATED this 18th day of July, 2012.

BY THE COURT:

s/ David M. Ebel

_____
David M. Ebel
United States Circuit Judge

---

[1] The Motion's reference to Plaintiff's former attorney's alleged futile attempts to contact the EEOC, and the EEOC's allegedly having told that attorney in the summer of 2010 that the EEOC's investigation of Plaintiff's claim was still pending, see Doc. 32 at 3, is irrelevant.  Since Plaintiff has failed to rebut the presumption that he received the right to sue letter on June 25, 2009, see Doc. 30 at 4-6, any alleged misinformation received in the summer of 2010 from the EEOC would not change the fact that Plaintiff did not file suit within ninety days of his receiving notice.  Further, even if such alleged misinformation did somehow toll Plaintiff's filing deadline, that does not change the fact that Plaintiff received actual notice on June 15, 2011, of his right to sue—ninety-seven days prior to the filing of his complaint—so the deadline would not be tolled beyond that date of actual notice, and Plaintiff's complaint would still be untimely.  See id. at 7.