IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-cv-02467-DME-MJW

CARLO LOMBARDI,

    Plaintiff,

v.

ADVANTAGE LOGISTICS USA WEST, LLC,

    Defendant.

**ORDER DENYING MOTION TO RECONSIDER DISMISSAL OF CASE**

On June 19, 2012, this Court dismissed as untimely Carlo Lombardi's complaint against Advantage Logistics USA West, LLC ("Defendant"), for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Doc. 30. The Court denied Lombardi's subsequent Motion to Alter or Amend Judgment on July 18, 2012. Doc. 33. Before the Court now is Lombardi's pro se Motion to Reconsider Dismissal of Case ("Motion"), which he filed on September 6, 2012.[1] Doc. 37.

A motion to alter or amend a judgment "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Lombardi filed his Motion outside of this 28-day window. Because Lombardi is proceeding pro se, however, the Court liberally construes his Motion as one for relief under Fed. R. Civ. P. 60(b)(6), which is not subject to the 28-day filing deadline. See

---

[1] The Court notes that on the same day Lombardi filed the present Motion, he also filed a notice of appeal. Docs. 36, 37. As explained below, Lombardi's Motion is not timely; thus, his appeal was not abated pursuant to Fed. R. App. P. 4(A). The panel considering Lombardi's appeal recently denied his motion to proceed in forma pauperis. <u>Lombardi v. Advantage Logistics USA West, LLC</u>, No. 12-1352 (10th Cir. Feb. 25, 2013).

Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994). "District courts may grant a Rule 60(b)(6) motion only in 'extraordinary circumstances' and only when such action is necessary to accomplish justice." Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 729 (10th Cir.1993). Lombardi is not entitled to relief under this standard.

In his Motion, Lombardi again complains that he never received a letter from the U.S. Equal Employment Opportunity Commission ("EEOC") informing him of his time-limited right to sue in federal court. Doc. 37. However, in this Motion, Lombardi informs the Court for the first time of his discovery that George C. Price—the lawyer who represented Lombardi at the time the EEOC sent its notice—has had his law license suspended for, inter alia, "missing deadlines right at the same time that [Price] says he didn't get [Lombardi's] right to sue from the EEOC." Id. Lombardi complains that the matter of Price's disciplinary history "should have been brought to the Court's attention" by David Furtado, Lombardi's counsel during the proceedings before this Court.[2] Id. The Court construes Lombardi's Motion as requesting equitable tolling of the 90-day period within which he was required to file suit after receiving notice from the EEOC that it had closed its investigation. See 42 U.S.C. § 2000e-5(f)(1); Jarrett v. US Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994).

As the Court explained in its Order dismissing Lombardi's complaint, "'[t]he ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice,' . . . and '[a] rebuttable presumption of receipt . . . arise[s] on evidence that a properly addressed piece of mail is placed in the care of the postal service.'" Lombardi v. Advantage Logistics USA W., LLC, No. 11-CV-02467-DME-MJW, 2012 WL 2319094, at *2 (D. Colo. June 19, 2012) (quoting Witt v. Roadway Exp., 136 F.3d 1424, 1429-30 (10th Cir.1998)). "This Circuit has

---

[2] Lombardi notes that he "believe[s] Mr. Furtado and Mr. Price work together," and he does not "know exactly how Mr. Furtado came to be [his] attorney in this matter." Doc. 37.

generally recognized equitable tolling of Title VII periods of limitation only if circumstances 'rise to the level of active deception which might invoke the powers of equity to toll the limitations period.'" Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002) (quoting Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir. 1979)). For example, "if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period." Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir.1984) (quotations omitted).

As a threshold matter, the Court reiterates that Lombardi has failed to rebut the presumption that he received the EEOC's right-to-sue notice. See Lombardi, 2012 WL 2319094, at *2 (recounting that the EEOC's notice was "mailed to [Lombardi] at the same address he supplied to the EEOC in his original charging claim," and that Lombardi "has not asserted . . . that the [n]otice was sent to the wrong address, or that [Lombardi] had moved and had informed the EEOC"). Lombardi's Motion provides no new evidence to that end.

As to the equitable tolling issue, Lombardi's discovery of Price's disciplinary history, while troubling, does not entitle Lombardi to relief. Even if Price had been grossly negligent in receiving the EEOC's notice and failing to file Lombardi's suit on time, Lombardi—who has not rebutted the presumption that he, too, received notice from the EEOC at his personal address—has not explained how he "exercise[d] due diligence in preserving his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). The Court finds no Tenth Circuit authority holding that merely hiring and relying on a lawyer is enough, and Lombardi has not alleged that Price "actively misled" him or "in some [other] extraordinary way . . . prevented" him from asserting his rights, see Orr, 738 F.2d at 1110. See also Horton v. Achievement Servs. for Ne. Kan., No. 95-2345-JWL, 1996 WL 442029 (D. Kan. July 26, 1996) (unreported) (rejecting

equitable tolling theory based on ineffective assistance of counsel, reasoning, e.g., that "a plaintiff does not have a right to effective assistance of counsel in a civil lawsuit").

In any event, Lombardi has never addressed this Court's alternate ground for dismissing his suit, a ground which the Court reiterated in its Order denying Lombardi's motion to alter or amend and which the Court reiterates here again:  Lombardi signed an affidavit demonstrating that he had become aware by June 15, 2012, that the EEOC had closed its investigation, but Lombardi did not file his complaint until 97 days later, seven days after the applicable 90-day deadline.  Lombardi, 2012 WL 2319094, at *3.  Accordingly, even if Lombardi were entitled to equitable tolling on account of Price's shortcomings, Lombardi's complaint was still untimely.

For the foregoing reasons, Lombardi's present motion is DENIED.

DATED this 26th day of March, 2013.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States Circuit Judge